COLEMAN, J.,
dissents:
¶ 19. The appellate history of Nicholson v. State, 704 So.2d 81 (Miss.1997), in which the Mississippi Supreme Court reversed this Court’s resolution of an issue nearly identical to Turnage’s first issue favorably to the State, compels me to dissent. The scrivener of the majority opinion commendably relates in detail the step-by-step process which culminated in the trial court’s permitting the prosecutor on cross-examination of Turnage to ask, over Turnage’s counsel’s objection, about the alleged fondling of Alison. Unlike the appellant in Nicholson, who injected the issue, the State injected the issue in this case. Nevertheless, the Mississippi Supreme Court reversed and remanded Nicholson’s conviction for a new trial. Thus, even more does Nicholson persuade me that Turnage’s conviction must be reversed and this case remanded for a new trial. As the majority opinion carefully emphasizes, the State elected to *1056 seek separate indictments against Tur-nage, yet ultimately the State appears to have profited from that tactical decision. Thus, respectfully, I would reverse and remand because I find Turnage’s first issue to be meritorious.
KING, P.J., AND BRIDGES, J., JOIN THIS OPINION.